UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON L. NELSON, et al. ) | |
| ) | Cause No.: 3:17-CV-930 |
| Plaintiffs, ) | |
| v. ) | Illinois Circuit Court for Washington |
| ) | County Illinois Case No.: 17-L-8 |
| WILLIAM L. MCCLURE AND OLD ) | |
| DOMINION FREIGHT LINE, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## NOTICE OF REMOVAL

COMES NOW, Defendant Old Dominion Freight Line, Inc., by and through its undersigned counsel, and for its Notice of Removal, states and alleges as follows:

1. This case is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

2. Plaintiffs' Complaint asserts allegations of negligence that arise out of a motor vehicle accident that occurred on April 5, 2017. (Ex. A, Pls.' Complaint ¶¶ 3-6).

3. Plaintiffs do not assert their citizenships, but do state that they are residents of St. Clair, Illinois. *Id.* at ¶ 1.

4. Upon Defendants' information and belief, Plaintiffs are citizens of Illinois.

5. Citizenship for purposes of diversity jurisdiction is determined by domicile. *Midwest Transit, Inc. v. Hicks*, WL 22435694 * 3 (7th Cir. 2003). One's physical presence in a state and the intent to remain in the state establishes domicile. *Id.*

6. The 'intent to remain' element of determining an individual's state of citizenship is a legal conclusion drawn from the totality of the circumstances. *Id.* Courts consider, for example, such factors as current residence, place of employment, location of personal and real property, voter registration, driver's license registration, presence of family members, extent of social

involvement, and payment of taxes." *Newell v. O&K Steel Corp.*, WL 1732622 (7th Cir. 2002); *Cassens v. Cassens*, 430 F.Supp.2d (S.D. Ill. 2006); *Bangaly v. Baggiani*, WL 2475116 (N.D. Ill. 2009).

7. Plaintiff Sheila A. Dunn holds a valid driver's license issued by the State of Illinois. (*See* Ex. B, Crash Report). She further advised the Illinois State Police that her home address is in St. Clair County, Illinois. *Id.* Plaintiff Sheila A. Dunn is identified as the owner of the motor vehicle that she was driving at the time of the subject accident. *Id.* That vehicle was registered in the State of Illinois and bore license plates issued by the State of Illinois. *Id.* Moreover, Plaintiff Sheila Dunn is registered to vote in St. Clair County, Illinois. (*See* Ex. C, Voter Registration). Taking the aforementioned circumstances into account, Plaintiff Sheila A. Dunn resides in the state of Illinois, has the requisite intent to remain in the State of Illinois, and is therefore domiciled in the State of Illinois. Because Plaintiff Sheila A. Dunn is domiciled in the State of Illinois, she is a citizen of the State of Illinois.

8. Minor Plaintiff A.J.C., according to Plaintiffs' Complaint, is the child of Plaintiff Sheila A. Dunn. (*See* Ex. A). One acquires domicile of origin at birth and that domicile continues until a new one is acquired. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989). The requisite intent to establish a domicile for minors is determined by their parents. *Id.* As stated infra, Plaintiff Sheila A. Dunn is domiciled in the State of Illinois. Plaintiff A.J.C., as the minor child of Plaintiff Sheila A. Dunn is, therefore, domiciled in the State of Illinois and is a citizen of the State of Illinois.

9. Plaintiff Leon Nelson too advised the Illinois State Police that he resided in St. Clair County, Illinois (*See* Ex. B). Plaintiffs' Complaint alleges that Plaintiff Leon Nelson continues to reside in the State of Illinois. (Ex. A) Furthermore, Plaintiff Leon Nelson was treated for injuries

he alleges to have received as a result of this accident at a medical facility in the State of Illinois and reported to his treating physicians that he lived in St. Clair County, Illinois at each such visit. (Ex. D, Memorial Hospital Records with personal identifying information redacted). Taking the aforementioned circumstances into account, Plaintiff Leon Nelson resides in the state of Illinois, has the requisite intent to remain in the State of Illinois, and is therefore domiciled in the State of Illinois. Because Plaintiff Leon Nelson is domiciled in the State of Illinois, he is a citizen of the State of Illinois.

10. Plaintiff Mariah McGee also advised the Illinois State Police that at the time of the accident giving rise to this action, her home address is in St. Clair County, Illinois. (*See* Ex. B). Plaintiffs' Petition further asserts that Plaintiff Mariah McGee continues to reside in the State of Illinois. Upon Defendant's information and belief, Plaintiff Mariah McGee resides in the State of Illinois and has the intent to remain in the State of Illinois indefinitely, therefore is domiciled in the State of Illinois and is a resident of the State of Illinois.

11. Plaintiff Carol J. Dunn also advised the Illinois State Police that her home address is in St. Clair County, Illinois. (*See* Ex. B). Plaintiffs' Complaint alleges that Plaintiff Carol J. Dunn continues to reside in the State of Illinois. (Ex. A). Furthermore, Plaintiff Carol J. Dunn was treated for injuries she alleges to have received as a result of this accident at a medical facility in the State of Illinois and reported to her treating physicians that she lived in St. Clair County, Illinois at each such visit. (Ex. E, Memorial Hospital Records with personal identifying information redacted). Taking the aforementioned circumstances into account, Plaintiff Carol J. Dunn resides in the state of Illinois, has the requisite intent to remain in the State of Illinois, and is therefore domiciled in the State of Illinois. Because Plaintiff Carol J. Dunn is domiciled in the State of Illinois, she is a citizen of the State of Illinois.

12. Defendant William L. McClure resides in the State of Georgia and intends to remain in the State of Georgia indefinitely. (*See* Ex. F, McClure Declaration). Defendant William L. McClure, therefore, is domiciled in the State of Georgia. Because Defendant William L. McClure is domiciled in the State of Georgia, he is a citizen of the State of Georgia.

13. A corporation "shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

14. Defendant Old Dominion Freight Line, Inc. is incorporated in the State of Virginia and has its corporate headquarters in the State of North Carolina. (*See* Ex. G, Shelley Declaration). Defendant Old Dominion Freight Line, Inc.'s executive, administrative, legal, payroll, accounting, marketing, information technology, and other related corporate functions and activities occur at its headquarters in the State of North Carolina. *Id.* Because Old Dominion Freight Line, Inc. is incorporated in the State of Virginia and its principal place of business is in the State of North Carolina, Old Dominion Freight Line, Inc. is a citizen of the States of Virginia and North Carolina.

15. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

16. All Plaintiffs are citizens of states different than all Defendants. Therefore, this is an action between citizens of different states and jurisdiction is proper in this Court pursuant to U.S.C. § 1332. *See also, Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that

defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

17. A calculation of damages from the Complaint's allegations is one way to establish what the plaintiff stands to recover. *Meridian Sec. Ins. Co. v. Sadowski*, 411 F.3d 536, 541 (7th Cir. 2006). Plaintiffs' Complaint alleges that they are seeking a sum in excess of $100,000.00 from each defendant. (Ex. A, p. 3, 5, and 6). Plaintiffs' allegation that they are seeking in excess of $200,000.00, therefore, satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a)(1).

18. Defendant William L. McClure consents to the removal of this case to Federal Court. (Ex. F ¶ 5).

19. Filed with this Notice of Removal, and attached as Exhibit H, is a true and correct copy of all process, papers, pleadings, exhibits, and orders contained in the Illinois Circuit Court file, with names of minor children redacted.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 because this action was originally filed in the Circuit Court of Washington County, Illinois which is included in this Court's judicial area.

21. Attached as Exhibit I is the Civil Cover Sheet.

WHEREFORE, Defendant Old Dominion Freight Line, Inc. prays that the above captioned action be removed from the Circuit Court of Washington County, Illinois.

/s/Joseph R. Swift
Joseph R. Swift #6197877
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (fax)
jswift@bjpc.com
*Attorney for Defendant Old Dominion Freight Line, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed upon the court's electronic filing system this 31st day of August, 2017 to:

Keith Short
Jack Daugherty
Law Office of Keith Short, P.C.
1355 N. Bluff Road
Units C-D
Collinsville, IL 62234
keith@keithshortlaw.com
*Attorneys for Plaintiff*

/s/Joseph R. Swift

13829053