IN THE CIRCUIT COURT
OF THE TWENTIETH JUDICIAL CIRCUIT
WASHINGTON COUNTY, ILLINOIS

LEON L. NELSON, CAROL J. DUNN, )
MARIAH D. MCGEE, SHEILA A. DUNN, )
AS MOTHER AND NEXT FRIEND OF )
A▮▮▮▮▮ C▮▮▮▮▮▮, A MINOR, and )
SHEILA A. DUNN, INDIVIDUALLY, )
)
    Plaintiffs, )
)
vs. ) Case No. 17-L- 8
)
WILLIAM L. MCCLURE and OLD )
DOMINION FREIGHT LINE, INC., )
)
    Defendants. )

FILED
JUL 1 9 2017
Clerk of Circuit Court
Washington County Illinois

## COMPLAINT

NOW COME plaintiffs, by and through their attorneys, Law Office of Keith Short, P.C., and for their Complaint against defendants, William L. McClure and Old Dominion Freight Line, Inc., and allege as follows:

### COUNT I
### (WILLIAM L. MCCLURE)

1. Plaintiffs are residents of the County of St. Clair and State of Illinois.

2. Defendant, William L. McClure, resides in the City of Tunnel Hill, State of Georgia.

3. On April 5, 2017, at approximately 11:42 p.m., plaintiff, Sheila A. Dunn was driving her 1999 Dodge Durango while pulling a 1991 Hullco Utility Trailer westbound on I-64 near mile post 46.5 in the right lane in the Township of Covington, County of Washington, State of Illinois.


EXHIBIT A

4. Plaintiffs, Leon L. Nelson, Carol J. Dunn, Mariah D. McGee and A████, C████ were riding as a passenger in the 1999 Dodge Durango driven by Sheila A. Dunn.

5. Defendant was driving a 2017 Freightline Tractor Trailer westbound on I-64 near mile post 46.5 in the right lane, behind plaintiff.

6. At said time and place, defendant's vehicle unexpectedly collided with the rear of the vehicle in which plaintiffs were riding causing the injuries and damages hereinafter specified.

7. Defendant had a duty to exercise ordinary care in operating his vehicle so as to not injure plaintiffs.

8. Despite the duty owed to plaintiffs, defendant breached said duty by committing one or more of the following negligent acts or omissions:

   a. Failed to keep a proper lookout;
   b. Failed to look and see things that were obviously visible;
   c. Failed to keep the vehicle he was operating under control so as to avoid a collision;
   d. Failed to operate his vehicle at a speed reasonable and proper under the conditions that existed so as to not endanger the safety of others, including Plaintiff, or colliding with other vehicles in violation of 625 ILCS 5/11-601;
   e. Failed to use every precaution to avoid a collision; and
   f. Failed to decrease the speed of the vehicle he was operating necessary to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601.

9. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, the vehicle being driven by defendant collided with the vehicle that plaintiffs were riding in.

10. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Leon L. Nelson, suffered injuries of a

2

personal nature including but not limited to injuries to his back, and was required to hire the services of doctors and hospitals in curing himself.

11. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Carol J. Dunn, suffered injuries of a personal nature including but not limited to injuries to her neck and back, and was required to hire the services of doctors and hospitals in curing himself.

12. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Mariah D. McGee, suffered injuries of a personal nature, including but not limited to injuries to her back, right leg, neck, bilateral shoulders, and was required to hire the services of doctors and hospitals in curing herself.

13. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, A____ C____, a minor, suffered injuries of a personal nature, including but not limited to injuries to her right arm, and was required to hire the services of doctors and hospitals in curing herself.

14. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Sheila Dunn, suffered injuries of a personal and percurinary nature, including but not limited to injuries to her back and legs, and was required to hire the services of doctors and hospitals in curing herself.

WHEREFORE plaintiffs, pray for judgment against defendant, William L. McClure, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00); plus costs and any other relief this court deems fair and proper.

## COUNT II
## (OLD DOMINION FREIGHT LINE, INC)

1-10.   Plaintiff hereby incorporates paragraphs no. 1 through no. 10 of this Complaint fully as if the allegations were set forth fully herein.

11.   At all times material, defendant, William L. McClure, was assumed to be under Old Dominion Freight Line, Inc's direct supervision, employ and control when he committed the negligent acts alleged herein.

12.   Defendant, William L. McClure, engaged in this conduct while acting in the course and scope of his employment with Old Dominion Freight Line, Inc's, while serving as an employee, agent or servant of defendant, Old Dominion Freight Line, Inc's.

13.   Defendant, William L. McClure, was operating under the direction and control of his employer, Old Dominion Freight Line, Inc.

14.   Defendant, Old Dominion Freight Line, Inc, is liable for the negligent conduct of William L. McClure under the law of vicarious liability, including the Doctrine of Respondeat Superior.

15.   As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Leon L. Nelson, suffered injuries of a personal nature including but not limited to injuries to his back, and was required to hire the services of doctors and hospitals in curing himself.

16.   As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Carol J. Dunn, suffered injuries of a personal nature including but not limited to injuries to her neck and back, and was required to hire the services of doctors and hospitals in curing himself.

17. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Mariah D. McGee, suffered injuries of a personal nature, including but not limited to injuries to her back, right leg, neck, bilateral shoulders, and was required to hire the services of doctors and hospitals in curing herself.

18. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, A▇▇ C▇▇, a minor, suffered injuries of a personal nature, including but not limited to injuries to her right arm, and was required to hire the services of doctors and hospitals in curing herself.

19. As direct and proximate result of one or more of the aforementioned negligent acts or omissions of defendant, plaintiff, Sheila Dunn, suffered injuries of a personal and percurinary nature, including but not limited to injuries to her back and legs, and was required to hire the services of doctors and hospitals in curing herself.

WHEREFORE plaintiffs, pray for judgment against defendant, Old Dominion Freight Line, Inc, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00); plus costs and any other relief this court deems fair and proper.

## COUNT III
## WILLIAM L. MCCLURE
## (MEDICAL EXPENSE ACT)

1-10. Plaintiff, Sheila Dunn, incorporates and realleges paragraphs 1-10 of Count I as paragraphs 1-10 of Count III as if they were fully stated herein.

11. That as a proximate result of the defendant's negligence, plaintiff,

Case 3:17-cv-00930-SMY-SCW   Document 1-1   Filed 08/31/17   Page 6 of 7   Page ID #12

Sheila Dunn, has become obligated for large sums of medical expenses incurred by her minor daughter, A█████ C█████, pursuant to her obligation under the Medical Expense Act.

12. Plaintiff, Sheila Dunn, will continue to become obligated for the minor's medical expenses until she obtains the age of majority.

WHEREFORE plaintiff, Sheila Dunn, prays for judgment against defendant, William L. McClure, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00); plus costs and any other relief this court deems fair and proper.

### COUNT IV
### WILLIAM L. MCCLURE
### (MEDICAL EXPENSE ACT)

1-15. Plaintiff, Sheila Dunn, incorporates and realleges paragraphs 1-15 of Count II as paragraphs 1-15 of Count IV as if they were fully stated herein.

16. That as a proximate result of the defendant's negligence, plaintiff, Sheila Dunn, has become obligated for large sums of medical expenses incurred by her minor daughter, A█████ C█████ pursuant to her obligation under the Medical Expense Act.

17. Plaintiff, Sheila Dunn, will continue to become obligated for the minor's medical expenses until she obtains the age of majority.

WHEREFORE plaintiff, Sheila Dunn, prays for judgment against defendant, Old Dominion Freight Line, Inc, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00); plus costs and any other relief this court deems fair and proper.

Respectfully Submitted,

BY: _____
Keith Short          #6210044
Jack Daugherty       #6229106
Law Office of Keith Short, P.C.
1355 N. Bluff Road
Units C-D
Collinsville, IL 62234
618-254-0055 (phone)
618-254-1272 (fax)
keith@keithshortlaw.com